**Affirmed and Memorandum Opinion filed April 5, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00172-CV

---

### AVIRE, LLC, Appellant

### V.

### PRIORITY 1 AVIATION INC. AND ROBERT TIJERINA, INDIVIDUALLY, Appellees

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2020-72706**

---

## MEMORANDUM OPINION

This interlocutory appeal under the Texas Citizens Participation Act (TCPA) arises from a dispute surrounding the sale of a private airplane. *See* Tex. Civ. Prac. & Rem. Code § 27.001, *et seq*. Appellant Avire purchased the airplane from Starflite, the seller and a non-party to the underlying suit, through the brokerage of appellees Priority 1 Aviation, Inc. and Robert Tijerina (collectively the Priority 1 Parties). After purchasing the plane Avire discovered the plane did not have a flight data

recorder. The underlying dispute centers in part on whether appellees represented the plane had a flight data recorder and whether Avire exercised due diligence in ensuring that it did. The Priority 1 Parties sued Avire and Yisroel Steve Rechnitz, Avire's owner, in Harris County asserting claims for anti-suit injunction, tortious interference with a contract, declaratory judgment, and negligent misrepresentation. Rechnitz filed a special appearance asserting he was not subject to personal jurisdiction in Texas. Avire and Rechnitz, subject to Rechnitz's special appearance, filed a motion to dismiss under the TCPA, which the trial court denied. Concluding the TCPA does not apply to the Priority 1 Parties' action, we affirm.

## BACKGROUND

Avire, a California company that leases private planes to charter companies, purchased a Gulfstream IV (G-IV) private plane from Starflite B LLC, a Houston company. The Priority 1 Parties brokered the transaction. After extensive negotiations and an inspection, Avire purchased the plane for $975,000. The Priority 1 Parties received a broker's fee for their role in the transaction. After Avire purchased the plane, on June 23, 2020, it learned the plane did not have a flight data recorder. Avire alleged the Priority 1 Parties represented the plane had a flight data recorder and that it could not charter the plane for flights to Europe without one. The Priority 1 Parties argued Avire was responsible for inspecting the plane before the sale.

On September 3, 2020, Avire sent a demand letter to the Priority 1 Parties asserting that the Priority 1 Parties (1) breached their fiduciary duty by falsely representing that the plane had a flight data recorder; (2) breached an oral agreement with Avire on scheduled maintenance; and (3) misrepresented that the Priority 1 Parties received a commission from Starflight. Avire demanded return of $50,000 in broker fees, $38,595 for the cost of maintenance, and $500,000 for installation of a

2

flight data recorder. Avire stated if it did not receive payment it would "pursue all rights and remedies available by law."

On October 28, 2020, Avire filed suit against the Priority 1 Parties in California Federal District Court. Avire's federal action echoed the demands listed in the September letter. The Priority 1 Parties sought dismissal of the federal action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. On February 2, 2021, the California Federal District Court dismissed the federal action for lack of personal jurisdiction.

In the meantime, on November 11, 2020, the Priority 1 Parties sued Avire and Rechnitz in Harris County District Court asserting claims for (1) anti-suit injunction; (2) tortious interference with a contract; (3) declaratory judgment; and (4) negligent misrepresentation. The Priority 1 Parties pleaded the following:

- *Anti-suit injunction*. Avire and Rechnitz breached the agreement with Starflite by "attempting to obtain money under duress from Starflite's broker by threatening to file a frivolous lawsuit."

- *Tortious interference*. Avire and Rechnitz interfered with the Priority 1 Parties' brokerage contract with Starflite by alleging the Priority 1 Parties breached the contract.

- *Declaratory judgment*. The Priority 1 Parties sought a declaration that they had a valid agreement for sale of the plane with Starflite, the Priority 1 Parties were not a party to the agreement, and Avire acknowledged that Starflite complied with the agreement.

- *Negligent misrepresentation*. Avire misrepresented the "bare minimum inspections" it needed before purchasing the airplane.

Subject to Rechnitz's special appearance, Avire and Rechnitz filed a joint motion to dismiss pursuant to the TCPA. *See* Tex. Civ. Prac. & Rem. Code § 27.003(a). They argued that: (1) the TCPA applied to each of the Priority 1 Parties' claims because the claims were based on, or in response to, Avire and Rechnitz's

3

exercise of the right to petition; and (2) the Priority 1 Parties could not meet their prima facie burden to present clear and specific evidence supporting each essential element of their claims. In response, the Priority 1 Parties disputed that the TCPA applied to any of their claims and asserted they met their prima facie evidentiary burden. The Priority 1 Parties also asserted that Avire and Rechnitz failed to file their motion to dismiss within the statutory deadline. *See* Tex. Civ. Prac. & Rem. Code § 27.003(b) (motion must be filed not later than the 60th day after the date of service of the legal action).

The trial court granted leave to file the motion to dismiss, and denied the motion to dismiss. Avire and Rechnitz perfected this interlocutory appeal.[1]

**ANALYSIS**

In two issues on appeal Avire asserts the trial court erred in denying its motion to dismiss because (1) it established by a preponderance of the evidence that the Priority 1 Parties' claims arose out of or were in response to Avire's exercise of the right to petition; and (2) the Priority 1 Parties did not meet their burden of producing clear and specific evidence to support the essential elements of their claims.

## I. Standard of Review and Applicable Law

The TCPA contemplates an expedited dismissal procedure applicable to claims brought to intimidate or silence a defendant's exercise of the rights enumerated in the Act. *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019). The party invoking the TCPA may file a motion to dismiss the "legal action" and must show by a preponderance of the evidence that the action is "based on or is in response to" that party's exercise of the right of free

---

[1] After this appeal was perfected, the trial court granted Rechnitz's special appearance dismissing him from the underlying suit. No party has challenged that order. Rechnitz is no longer a party in this appeal.

4

speech, right to petition, or right of association. Tex. Civ. Prac. & Rem. Code §§ 27.003(a); 27.005(b). If the movant satisfies this burden, the trial court must dismiss the lawsuit unless the nonmovant "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code § 27.005(c).

We construe the TCPA liberally to effectuate its purpose and intent fully. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018); *Cox Media Grp., LLC v. Joselevitz*, 524 S.W.3d 850, 859 (Tex. App.—Houston [14th Dist.] 2017, no pet.); Tex. Civ. Prac. & Rem. Code § 27.011(b). A court's determination of whether claims fall within the TCPA's framework is subject to a de novo standard of review. *See Adams*, 547 S.W.3d at 894. Under that standard, we "make an independent determination and apply the same standard used by the trial court in the first instance." *Joselevitz*, 524 S.W.3d at 859. We must consider the relevant pleadings, evidence a court could consider under Texas Rule of Civil Procedure 166a, and any supporting or opposing affidavits "stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). We review these materials in the light most favorable to the nonmovant. *See Enter. Crude GP LLC v. Sealy Partners, LLC*, 614 S.W.3d 283, 293–94 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

Before we address the application of the TCPA to the Priority 1 Parties' claims we address the Priority 1 Parties' argument that this appeal is moot.

## II.    Mootness

The Priority 1 Parties argue this appeal has been rendered moot by the trial court's order granting the Priority 1 Parties' nonsuit of the underlying action. We

5

disagree.[2]

After Avire filed this interlocutory appeal the Priority 1 Parties filed a notice of nonsuit with the trial court. The trial court subsequently signed an order granting the nonsuit and dismissing the underlying suit without prejudice.

This court has repeatedly held that a party's decision to nonsuit does not affect a nonmoving party's independent claims for affirmative relief, including motions for dismissal under the TCPA. *See Diogu Law Firm PLLC v. Melanson*, No. 14-18-01053-CV, 2020 WL 6142902, at *6 (Tex. App.—Houston [14th Dist.] Oct. 20, 2020, pet. denied) (mem. op.) (citing *Abatecola v. 2 Savages Concrete Pumping, LLC*, No. 14-17-00678-CV, 2018 WL 3118601, at *13 (Tex. App.—Houston [14th Dist.] June 26, 2018, pet. denied) (mem. op.)). Consequently, the Priority 1 Parties' nonsuit did not moot Avire's pending appeal of the denial of its TCPA motion to dismiss. *See In re Diogu Law Firm, PLLC*, No. 14-18-00878-CV, 2018 WL 4997322, at *1 (Tex. App.—Houston [14th Dist.] Oct. 16, 2018, orig. proceeding) (mem. op.) ("A motion to dismiss under the TCPA survives a non-suit because a victory on the motion to dismiss, which may include attorneys' fees and sanctions, would afford the movants more relief than a non-suit would."). Having concluded that this appeal is not moot, we turn to the issue of whether the TCPA applies to the Priority 1 Parties' legal action.

## III.    Application of the TCPA

The TCPA was amended in 2019. Act of May 17, 2019, 86th Leg., R.S., ch. 378, 2019 Tex. Gen. Laws 684. One of the more significant changes to the statute was a narrowing of the categories of connections a claim could have to the exercise of a protected right to enable the movant to seek dismissal. *See ML Dev, LP v. Ross*

---

[2] We previously denied the Priority 1 Parties' motion to dismiss asserting mootness.

*Dress for Less, Inc.*, No. 01-20-00773-CV, 2021 WL 2096656, at *2 (Tex. App.—Houston [1st Dist.] May 25, 2021, no pet.). Before the most recent amendment, the movant had to establish that the claim against it was "based on, relates to, or is in response to" the movant's exercise of a protected right. Act of May 21, 2011, 82nd Leg., R.S., ch. 341, 2011 Tex. Gen. Laws 961, 963 (amended 2019). "Relates to" was arguably the most expansive of the three categories of connections and brought tangential communications within the TCPA's reach. *See ML Dev, LP*, 2021 WL 2096656, at *2 (citing *Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 604 (Tex. App.—San Antonio 2018, pet. denied) (interpreting "relates to" as a broad qualifier)).

The most recent amendment deleted "relates to," requiring future movants to establish that the legal actions they seek to dismiss are "based on" or "in response to" their exercise of a protected right. Tex. Civ. Prac. & Rem. Code §§ 27.003(a), 27.005(b); *see ML Dev, LP*, 2021 WL 2096656, at *3 (citing Laura Lee Prather & Robert T. Sherwin, *The Changing Landscape of the Texas Citizens Participation Act,* 52 Tex. Tech L. Rev. 163, 169 (2020) (noting that deletion of "relates to" increases burden on movants seeking dismissal)).

Thus, under the current version of the TCPA, for Avire to successfully obtain dismissal of the Priority 1 Parties' claims against it, Avire had to establish by a preponderance of the evidence that the Priority 1 Parties' "legal action is based on or is in response to [Avire's] exercise of the right of free speech, right to petition, or right of association." Tex. Civ. Prac. & Rem. Code § 27.003(a). As relevant here, the TCPA defines the right to petition as including:

(A) a communication in or pertaining to:

    (i) a judicial proceeding;

*****

7

(E) any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state.

Tex. Civ. Prac. & Rem. Code § 27.001.

For all of the rights protected under the TCPA, a "'[c]ommunication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." Tex. Civ. Prac. & Rem. Code § 27.001(1). The Supreme Court of Texas has held that the Act may protect both public and private communications. *See ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017) (discussing *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015)).

In its motion Avire asserted that the Priority 1 Parties' claims were based on or in response to its right to petition. Avire focused on two communications: the pre-suit demand letter, and the federal action filed in California.

## A.     The Pre-suit Demand Letter

Avire asserted that the Priority 1 Parties' claims "arose out of the September 3, 2020 demand letter sent by Avire's counsel to [the Priority 1 Parties] threatening legal action if Avire's demands were not met, and the subsequent lawsuit filed by Avire in California." As such, Avire asserted that the Priority 1 Parties' claims were based on or in response to Avire's right to petition.

The TCPA broadly defines "exercise of the right to petition" and sets out several ways in which a communication can implicate this right. *Mattress Firm, Inc. v. Deitch*, 612 S.W.3d 467, 485–86 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). Under the TCPA, "exercise of the right to petition" includes a communication in or pertaining to "a judicial proceeding" as well as "any other communication that falls within the protection of the right to petition government

under the Constitution of the United States or the constitution of this state." Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(i), (E); *see* U.S. Const. amend. I ("Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances."); Tex. Const. art. I, § 27 ("The citizens shall have the right . . . [to] apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance.").

As to Avire's assertion that the Priority 1 Parties' claims arose out of the demand letter as a communication pertaining to a judicial proceeding, this court has held that pre-suit communications such as a demand letter do not fall within the scope of "judicial proceeding" under the TCPA. *Navidea Biopharmaceuticals, Inc. v. Capital Royalty Partners II, L.P.*, No. 14-18-00740-CV, 2020 WL 5087826, at *4 (Tex. App.—Houston [14th Dist.] Aug. 28, 2020, pet. denied) (mem. op.) (citing *QTAT BPO Sols., Inc. v. Lee & Murphy Law Firm, G.P.*, 524 S.W.3d 770, 778 (Tex. App.—Houston [14th Dist.] 2017, pet. denied)). "[T]he ordinary meaning of 'judicial proceeding' is an actual, pending proceeding and the TCPA's use of the phrase 'pertaining to' does not expand the ordinary meaning of 'judicial proceeding' to include anticipated or potential future proceedings." *Casey on Behalf of Est. of Glover v. Stevens*, 601 S.W.3d 919, 927 (Tex. App.—Amarillo 2020, no pet.) (quoting *Levatino v. Apple Tree Café Touring, Inc.*, 486 S.W.3d 724, 728–29 (Tex. App.—Dallas 2016, pet. denied)) (citing *QTAT BPO Sols., Inc.*, 524 S.W.3d at 777–78 (finding "that pre-suit communications between a client and its lawyers were not communications in or about a judicial proceeding because no judicial proceeding had been initiated at the time of the communications")). Therefore, a legal action filed in response to or based on a pre-suit demand letter does not fit within the TCPA's definition of a communication pertaining to a judicial proceeding, which could infringe on a party's right to petition as defined by the Act.

9

Avire concedes that the pre-suit demand letter does not fall within the definition of a communication pertaining to a judicial proceeding and Avire argues that the pre-suit demand letter implicates the right to petition under the definition found in section 27.001(4)(E) of the TCPA, which asserts "any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state" is included as a communication implicating the right to petition. Tex. Civ. Prac. & Rem. Code § 27.001(4)(E). In support of this assertion Avire cites an opinion by the Austin Court of Appeals, *Long Canyon Phase II & III Homeowners Ass'n, Inc. v. Cashion*, 517 S.W.3d 212, 220 (Tex. App.—Austin 2017, no pet.).

In *Cashion*, under the former version of the TCPA requiring only that a legal action "relate to" a party's exercise of the right to petition, the Austin Court of Appeals addressed whether a pre-suit demand letter sent by a homeowner's association to two homeowners implicated the association's right to petition under subsections 27.001(4)(A)(i) and (E). *See* 517 S.W.3d at 220–21. The Austin Court first concluded that because the letter was a pre-suit demand letter, it was necessarily sent before a judicial proceeding was initiated, the letter did not pertain to a judicial proceeding and did not fall within the definition of "exercise of the right to petition" contained in subsection 27.001(4)(A)(i). *Id.* at 220. The court then addressed whether the demand letter implicated the right to petition under subsection 27.001(4)(E). The court stated:

> Subsection (E) reflects legislative intent that the definition be consistent with and incorporate the nature and scope of the "right to petition" that had been established in constitutional jurisprudence. The established understanding under First Amendment jurisprudence, both now and at the time of the TCPA's enactment, was that presuit demand letters generally fall within the "right to petition," although there is a federal circuit court case holding otherwise in the view that the petition right embraces only communications made to or toward government and not

10

those between private parties. While the majority rule indeed appears to be founded on a policy-laden notion of courts providing "breathing space" for the underlying right as opposed to specific support in constitutional text, we must presume that the Legislature intended this view of the protection's scope to control nonetheless.

*Id*. at 220–21

The homeowners in *Cashion* argued that the allegations in the association's demand letter were meritless and made in bad faith, and thus the letter was an act of "sham petitioning," which is a "category of speech that falls outside First Amendment protection." *Id*. at 221. The Austin Court concluded that the homeowners had not demonstrated that the allegations in the demand letter were "objectively baseless," such that "no reasonable litigant could realistically expect success on the merits." *Id*. As a result, the court held that the trial court "could only conclude" that the demand letter sent by the association "sufficed as the 'exercise of the right to petition.'" *Id*.

We decline Avire's invitation to expand the Austin Court's holding to one that would determine that the pre-suit demand letter in this case falls within the "right to petition," as defined in section 27.001(4)(E) of the TCPA. Not only did the court in *Cashion* address a prior version of the TCPA, which allowed a broader application of the Act, the court addressed whether the association's claims in the demand letter were meritless and made in bad faith, and thus the letter was an act of "sham petitioning," which is a "category of speech that falls outside First Amendment protection." *Id.* at 219. Those allegations are lacking in this case.

The Priority 1 Parties' factual allegations are solely concerned with private communications outside of, and unrelated to, any judicial or governmental proceeding. *See Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (noting that the basis of a legal action is determined by the pleader's allegations). Such claims do

not implicate the right to petition. *Republic Tavern & Music Hall, LLC v. Laurenzo's Midtown Mgmt., LLC*, 618 S.W.3d 118, 124–25 (Tex. App.—Houston [14th Dist.] 2020, no pet.) ("We decline to hold that the TCPA's applicability turns solely on which party won the race to the courthouse."); *see also Marrujo v. Wisenbaker Builder Servs., Inc.*, No. 01-19-00056-CV, 2020 WL 7062318, at \*9 (Tex. App.—Houston [1st Dist.] Dec. 3, 2020, no pet.) (mem. op.) (right to petition not implicated by the mere fact that the claims were brought after the defendant was sued).

We conclude that Avire's pre-suit demand letter was not a communication falling within the protection of the right to petition government under the United States or Texas Constitutions.

## B.    The California Federal Action

With regard to Avire's assertion that the Priority 1 Parties' claims fall within the protection of the TCPA because they were filed in response to the lawsuit filed by Avire in California, we disagree. The Priority 1 Parties' claims were not filed in response to Avire's "exercise of the right to petition" as that phrase is defined in the TCPA. Specifically, none of the Priority 1 Parties' claims are predicated on a "communication" protected by the TCPA. Rather, the Priority 1 Parties' claims were based on conduct that allegedly occurred before the filing of the California suit:

- *Anti-suit injunction*. Based on the pre-suit threat of an allegedly frivolous suit.
- *Tortious interference*. Based on breach of contract before suit was filed.
- *Declaratory judgment*. Seeking declaration that the Priority 1 Parties had a valid agreement for sale of the plane with Starflite, which occurred months before suit was filed.
- *Negligent misrepresentation*. Based on alleged misrepresentations during the negotiation for the purchase of the plane.

12

These allegations are independent of any of Avire's communications made in or with respect to the federal action in California. Therefore, the claims do not contravene the TCPA's protections with respect to the exercise of the right to petition. *See, e.g.,Viswanathan v. Kim*, No. 14-19-00255-CV, 2021 WL 865189, at *4 (Tex. App.—Houston [14th Dist.] Mar. 9, 2021, pet. denied) (mem. op.) (TCPA did not apply when nonmovant's allegations were unrelated to litigation); *Republic Tavern & Music Hall*, 2020 WL 7626253, at *4 (TCPA did not apply where nonmovant's factual allegations were solely concerned with communications outside of, and unrelated to, any judicial proceeding); *Marrujo v. Wisenbaker Builder Servs., Inc.*, No. 01-19-00056-CV, 2020 WL 7062318, at *9 (Tex. App.—Houston [1st Dist.] Dec. 3, 2020, no pet.) (mem. op.) (right to petition not implicated by the mere fact that the claims were brought after the defendant was sued).

Because Avire failed to meet its initial burden to prove by a preponderance of the evidence that the Priority 1 Parties' claims are based on or in response to its exercise of the right to petition, the burden never shifted to the Priority 1 Parties to establish a prima facie case for each element of their claims. Therefore, the trial court did not err in denying Avire's TCPA motion to dismiss. We overrule Avire's first issue and do not address its second issue challenging the Priority 1 Parties' establishment of a prima facie case.

## CONCLUSION

We affirm the trial court's order denying Avire's TCPA motion to dismiss.

/s/     Jerry Zimmerer
        Justice

Panel consists of Justices Jewell, Zimmerer, and Hassan (Hassan, J. concurring without opinion).

13